**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN
AND RELATED MOTIONS**

Name of Debtor(s): **Robert Edward Tuck
Cherie Ann Tuck**                                    Case No: **13-70699**

This plan, dated **April 25, 2013**, is:

    ☒   the *first* Chapter 13 plan filed in this case.
    ☐   a modified Plan, which replaces the
        ☐confirmed or ☐unconfirmed Plan dated .

        Date and Time of <u>Modified Plan</u> Confirming Hearing:

        Place of <u>Modified Plan</u> Confirmation Hearing:

        The Plan provisions modified by this filing are:

        Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$253,605.40**
    Total Non-Priority Unsecured Debt: **$55,837.75**
    Total Priority Debt: **$1,132.09**
    Total Secured Debt: **$155,769.31**

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

1. **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$510.00 Monthly for 27 months\*, then $1,500.00 Monthly for 4 months\*\*, then $1,650.00 Monthly for 29 months**. Other payments to the Trustee are as follows:  __NONE__ . The total amount to be paid into the plan is $__67,620.00__.

   \*Payments to bump up once the Toyota & Female Debtors 401K Loan 2 are paid off.

   \*\*Payments to bump up once the Joyco Travel Trailer is paid off.

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. **Administrative Claims under 11 U.S.C. § 1326.**

      1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
      2. Debtor(s)' attorney will be paid $__2,400.00__ balance due of the total fee of $__3,200.00__ concurrently with or prior to the payments to remaining creditors. Includes filing fees, credit reports and credit counseling/debtor education and the costs of mailing and copying through confirmation.  Per the fee agreement, is for representation to confirmation. Per fee agreement, counsel charges $50 per creditor amendment to be paid directly by debtors if such amendment necessary.

   B. **Claims under 11 U.S.C. §507.**
      The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Commonwealth of VA** | **Taxes and certain other debts** | 0.00 | Prorata<br>0 months |
| **IRS** | **Taxes and certain other debts** | 0.00 | Prorata<br>0 months |
| **Roanoke City Treasurer** | **Taxes and certain other debts** | 1,132.09 | Prorata<br>4 months |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
   The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

    **B.**    **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

    **C.**    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **GE Capital Retail Bank/Grand Home** | **Bed - $500 (bought 2011) Couch - $200 (bought 1/2013) Entertainment Center - $100 (bought 1/2013)** | **104.95** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

    **D.**    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **GE Capital Retail Bank/Grand Home** | **Bed - $500 (bought 2011) Couch - $200 (bought 1/2013) Entertainment Center - $100 (bought 1/2013)** | **4,469.00 Paying remaining balance in full.** | **6%** | **104.95 48 months Trustee is authorized to accelerate payment to secured creditors after payment of legal fees.** |

    **E.**    **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.**    **Unsecured Claims.**

    **A.**    **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **100** %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately **13** %.

**B.  Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

**5.  Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

**A.  Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Chase Auto** | **2010 Subaru Forester with 28,000 miles in excellent condition. KBB Trade in Value: $17,866.00** | **418.00** | **0.00** | **0%** | **0 months** | |
| **Hanover Insurance** | **Interest in Retirement Plan with Hanover Insurance Company** | **462.87** | **0.00** | **0%** | **0 months** | |
| **Hanover Insurance** | **Interest in Retirement Plan with Hanover Insurance Company** | **314.75** | **0.00** | **0%** | **0 months** | |
| **John Hancock** | **Interest in 401K Plan with John Hancock** | **323.49** | **0.00** | **0%** | **0 months** | |
| **Member One Federal Cre** | **3BR/1BA House located at 2704 Fairfield Drive, Roanoke, VA** **Roanoke City Tax Map ID No: 3100206** | **667.00** | **0.00** | **0%** | **0 months** | |
| **Member One Federal Cre** | **2009 Jayco Travel Trailer in excellent condition. Debtor Estimates Value** | **452.00** | **0.00** | **0%** | **0 months** | |
| **Toyota Motor Credit Co** | **2010 Toyota Tundra with 33,000 miles in excellent condition. KBB Trade in Value: $19,985.00** | **696.00** | **0.00** | **0%** | **0 months** | |

**B.  Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                                                                      Best Case Bankruptcy

    **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

**6.**    **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

    **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **-NONE-** | | | | |

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

    **A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| **-NONE-** | | | |

    **B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**8.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**

A. **ATTORNEYS FEES**

Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 3 and shall be paid contemporaneous with adequate protection payments after confirmation of the case. A flat fee of $50 is charged for creditor amendments to cover filing fee, mailing and cost of preparation and shall be paid directly to counsel.

B. **AUTO DRAFT OF ANY DIRECT PAYMENTS BY DEBTOR AND POST-PETITION STATEMENTS**

Any bank or financial institution or lender to which the debtor has previously consented to auto draft payments from his or her bank account, is expressly authorized to keep such auto-draft in place and to deduct post-petition payments from the debtor's bank account. Such a deduction will not be viewed as a violation of the automatic stay.

The automatic stay is modified to permit the noteholder or servicing agent on any secured debts being paid by the debtors to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

**Signatures:**

**Dated:** April 25, 2013

/s/ Robert Edward Tuck                                          /s/ Malissa Giles; Tracy Giles; Kimberly Bandy
**Robert Edward Tuck**                                          **Malissa Giles; Tracy Giles; Kimberly Bandy**
**Debtor**                                                      **Debtor's Attorney**

/s/ Cherie Ann Tuck
**Cherie Ann Tuck**
**Joint Debtor**

**Exhibits:**    Copy of Debtor(s)' Budget (Schedules I and J);
                 Matrix of Parties Served with Plan

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

Certificate of Service

    I certify that on **May 6, 2013**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List in compliance with Fed.R.Bankr.P. 7004. Insured depository institutions have been served via certified mail addressed to the officer named on the attached Service List. All other parties have been served via first class mail addressed as shown on the attached Service List.

**/s/ Malissa Giles; Tracy Giles; Kimberly Bandy**
**Malissa Giles; Tracy Giles; Kimberly Bandy**
Signature

**129 E. Campbell Ave., Suite 300**
**PO Box 2780**
**Roanoke, VA 24001**
Address

**540-981-9000**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re **Robert Edward Tuck / Cherie Ann Tuck**, Debtor(s)     Case No. **13-70699**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Grandson** / **Grandson** | AGE(S): **13** / **16** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Production Manager** | **Sr. Underwriter Assistant** |
| Name of Employer | **Capco Machinery Systems, Inc.** | **The Hanover Insurance Group** |
| How long employed | **16 years** | **24.5 years** |
| Address of Employer | **307 Eastpark Drive, Roanoke, VA 24019** | **440 Lincoln Street, Worcester, MA 01653** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 5,402.68 | $ 4,240.75 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 5,402.68 | $ 4,240.75 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 1,242.62 | $ 975.37 |
|    b. Insurance | $ 0.00 | $ 341.58 |
|    c. Union dues | $ 0.00 | $ 0.00 |
|    d. Other (Specify) **See Detailed Income Attachment** | $ 563.37 | $ 837.61 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,805.99 | $ 2,154.56 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 3,596.69 | $ 2,086.19 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 3,596.69 | $ 2,086.19 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 5,682.88 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**\*Note: The debtors deductions are based on an eight-week average as it is the most accurate going forward.**

**B6I (Official Form 6I) (12/07)**

In re **Robert Edward Tuck / Cherie Ann Tuck**, Debtor(s)    Case No. **13-70699**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Detailed Income Attachment

**Other Payroll Deductions:**

| | | |
|---|---:|---:|
| **401K** | $ **179.95** | $ **0.00** |
| **401K Loan** | $ **341.67** | $ **0.00** |
| **Disability Insurance** | $ **41.75** | $ **29.29** |
| **AD&D** | $ **0.00** | $ **0.69** |
| **401K Loan 1** | $ **0.00** | $ **462.87** |
| **401K Loan 2** | $ **0.00** | $ **314.75** |
| **United Way** | $ **0.00** | $ **6.50** |
| **Life Insurance** | $ **0.00** | $ **23.51** |
| **Total Other Payroll Deductions** | $ **563.37** | $ **837.61** |

B6J (Official Form 6J) (12/07)

In re **Robert Edward Tuck / Cherie Ann Tuck**                                   Case No. **13-70699**
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 667.00 |
|   a. Are real estate taxes included?  Yes ___  No **X** | |
|   b. Is property insurance included?  Yes ___  No **X** | |
| 2. Utilities: a. Electricity and heating fuel | $ 160.00 |
|     b. Water and sewer | $ 60.00 |
|     c. Telephone | $ 0.00 |
|     d. Other **See Detailed Expense Attachment** | $ 477.50 |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 750.00 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 45.00 |
| 7. Medical and dental expenses | $ 150.00 |
| 8. Transportation (not including car payments) | $ 375.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 100.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|     a. Homeowner's or renter's | $ 29.17 |
|     b. Life | $ 60.00 |
|     c. Health | $ 0.00 |
|     d. Auto | $ 140.00 |
|     e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|     (Specify) **See Detailed Expense Attachment** | $ 190.99 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|     a. Auto | $ 418.00 |
|     b. Other **Toyota Payment** | $ 697.00 |
|     c. Other **Jayco Camper** | $ 452.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 200.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 5,171.66 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---|
| a. Average monthly income from Line 15 of Schedule I | $ 5,682.88 |
| b. Average monthly expenses from Line 18 above | $ 5,171.66 |
| c. Monthly net income (a. minus b.) | $ 511.22 |

**B6J (Official Form 6J) (12/07)**

In re **Robert Edward Tuck / Cherie Ann Tuck**, Debtor(s)     Case No. **13-70699**

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| Cell Phones, Internet, DirecTV, Phone | $ 400.00 |
| Gas | $ 77.50 |
| **Total Other Utility Expenditures** | $ **477.50** |

**Specific Tax Expenditures:**

| | |
|---|---:|
| Personal Property Taxes | $ 90.99 |
| Real Estate Taxes | $ 100.00 |
| **Total Tax Expenditures** | $ **190.99** |

**Other Expenditures:**

| | |
|---|---:|
| Personal Misc. Expenses, Haircuts, Etc. | $ 100.00 |
| Pet Care | $ 50.00 |
| Grandson's school supplies | $ 50.00 |
| **Total Other Expenditures** | $ **200.00** |

Tuck, Robert and Cherie - 13-70699

ALLIED INTERSTATE
P.O. BOX 2455
CHANDLER, AZ 85244


ASPIRE/CB&T


CAP1/BSTBY
26525 N RIVERWOODS BLVD
METTAWA, IL 60045


CAPITAL 1 BANK
ATTN: BANKRUPTCY DEPT.
PO BOX 30285
SALT LAKE CITY, UT 84130


CHASE AUTO
ATTN: NATIONAL BANKRUPTCY DEPT
201 N CENTRAL AVE   AZ1-1191
PHOENIX, AZ 85004


COMENITY BANK/GNDRMTMC
PO BOX 182789
COLUMBUS, OH 43218


COMMONWEALTH OF VA
DEPT. OF TAXATION
P.O. BOX 27407
RICHMOND, VA 23261-7407


CREDITORS COLLECTION S
PO BOX 21504
ROANOKE, VA 24018


FMS, INC.
P.O. BOX 707600
TULSA, OK 74170


GE CAPITAL RETAIL BANK/GRAND HOME
140 WEKIVA SPRINGS ROAD
LONGWOOD, FL 32779


GECRB/BELK
PO BOX 965028
ORLANDO, FL 32896

Tuck, Robert and Cherie - 13-70699

GECRB/CARE CREDIT
C/O PO BOX 965036
ORLANDO, FL 32896


GEMB/GAPDC
ATTN: BANKRUPTCY
PO BOX 103104
ROSWELL, GA 30076


GEMB/SAMS CLUB DC
GEMB FINANCE
PO BOX 103104
ROSWELL, GA 30076


GEMB/WALMART DC
WALMART/GEMB
PO BOX 103104
ROSWELL, GA 30076


GEORGETOWN HOSPITAL
P.O. BOX 421718
GEORGETOWN, SC 29442


GI PATHOLOGY
A DIVISION OF POPLAR HEALTHCARE
P.O. BOX 1000 DEPT. 461
MEMPHIS, TN 38148


HANOVER INSURANCE
PO BOX 105412
ATLANTA, GA 30348


INTEGRITY
4370 W. 109TH STREET
OVERLAND PARK, KS 66204


IRS
P.O. BOX 7346
PHILADELPHIA, PA 19101


JOHN HANCOCK
P.O. BOX 8174
BOSTON, MA 02266

Tuck, Robert and Cherie - 13-70699

KOHLS/CAPONE
N56 W 17000 RIDGEWOOD DR
MENOMONEE FALLS, WI 53051

MEDKEY
P.O. BOX 40032
ROANOKE, VA 24022

MEDSHLD CLCT
2424 E 55TH STREET
INDIANAPOLIS, IN 46226

MEMBER 1FCU
PO BOX 12288
ROANOKE, VA 24024

MEMBER ONE FEDERAL CRE
202 4TH STREET NE
ROANOKE, VA 24016

ROANOKE CITY TREASURER
P.O. BOX 1451
ROANOKE, VA 24007

SAMS CLUB / GEMB
ATTENTION:  BANKRUPTCY DEPARTMENT
PO BOX 103104
ROSWELL, GA 30076

SCA
1502 WILLIAMSON ROAD
ROANOKE, VA 24012

SOLSTAS LAB PARTNERS
P.O. BOX 71085
CHARLOTTE, NC 28272

STERN & ASSOCIATES
415 N EDGEWORTH ST STE 2
GREENSBORO, NC 27401

TOYOTA FSB
PO BOX 108
SAINT LOUIS, MO 63166

Tuck, Robert and Cherie - 13-70699


TOYOTA MOTOR CREDIT CO
TOYOTA FINANCIAL SERVICES
PO BOX 8026
CEDAR RAPIDS, IA 52408


WFB-NE  (WORLDS FOREMOST BANK)
PO BOX 82609
LINCOLN, NE 68501